# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEMCAP LENDING I, LLC,** <br> Plaintiff, <br> vs. <br> **UNITY BANK MINNESOTA, ET AL.,** <br> Defendants. | CASE NO. 18-cv-05979-YGR <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br> Re: Dkt. No. 36 |

On February 5, 2019 the Court granted defendant George Van Buren's motion to dismiss all claims against him for lack of personal jurisdiction. (Dkt. Nos. 30, 33.) Now before the Court is Van Buren's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 on the grounds that plaintiff knew that its assertion that this Court has jurisdiction over Van Buren was meritless and included Van Buren in its complaint for an improper purpose, namely to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." (Dkt. No. 36 ("Motion") at 7-8 (citing Fed. R. Civ. P. 11).) Based thereupon, Van Buren seeks reimbursement for his expenses, including attorneys' fees and costs, associated with his motion to dismiss and the instant motion for sanctions. (*Id.* at 9.)

The Ninth Circuit "reserve[s] sanctions for the *rare and exceptional* case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988); *see also* Fed. R. Civ. P. 11(b)(1-3). Although the Court ultimately determined that Van Buren's contacts with California failed to establish personal jurisdiction over him, the additional allegations provided in plaintiff's opposition to Van Buren's motion to dismiss created some ambiguity as to whether Van Buren had purposefully availed himself of the benefits of this

jurisdiction.[1] Therefore, the Court finds that plaintiff's conduct in filing the complaint against Van Buren constitutes, at most, zealous advocacy with the goal of maintaining only one action, rather than two, and fails to rise to the level of frivolity or improper purpose required to justify Rule 11 sanctions. *See Operating Engineers*, 859 F.2d at 1344; *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990). Accordingly, the Court **DENIES** Van Buren's motion for sanctions.

This Order terminates Docket Number 36.

**IT IS SO ORDERED.**

Dated: March 15, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court notes, however, that it was not aware of the November 2018 letter correspondence alleged in Van Buren's instant motion and such conduct in this situation hews close to the line of frivolity or improper purpose. (*See* Motion at 3.)