John P. Swenson, Esq. (SBN 224110)
jswenson@scalilaw.com
Jade F. Jurdi, Esq. (SBN 273401)
jjurdi@scalilaw.com
SCALI RASMUSSEN, PC
800 Wilshire Boulevard, Suite 400
Los Angeles, CA 90017
Telephone:  213.239.5622
Facsimile:  213.239.5623

Attorneys for Defendant
ROBERT HOWER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMCAP LENDING I, LLC, | Case No. 4:18-cv-05979 |
| Plaintiff, | Judge:   Hon. Yvonne Gonzalez Rogers |
| vs. | **ROBERT HOWER'S MOTION FOR AN AWARD OF FEES IN THE AMOUNT OF $84,172.80 AND COSTS IN THE AMOUNT OF $630.56 AGAINST GEMCAP LENDING I, LLC** |
| UNITY BANK Minnesota, Robert Hower, George Van Buren, | |
| Defendants. | |
| | Date:   August 6, 2019<br>Time:   2:00 p.m.<br>Loc.:   Courtroom 1-4th Floor<br>1301 Clay Street<br>Oakland, CA 94612 |
| | [Filed concurrently with Declarations of John Swenson, Jade Jurdi and Zachary Hoffman in Support Hereof and Proposed Decision] |
| | Complaint Filed:   September 28, 2018 |

ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 6, 2019 at 2:00 pm, or soon thereafter as counsel may be heard in Courtroom 1 – 4th Floor of the above-entitled court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Robert Hower hereby does and will move pursuant to California Code of Civil Procedure section 425.16, subsection c, Northern District of California Local Rule 54-5, the decision in *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Circ. 2004), and this Court's order of May 20, 2019 at Docket #62, for an order awarding attorneys' fees in the amount of $84,172.80 and costs in the amount $630.56 of against Plaintiff Gemcap Lending I, LLC ("Gemcap").   This motion is made on the grounds that Defendant Robert Hower secured a favorable determination on the Anti-SLAPP motion he filed, resulting in the striking of all of the claims alleged against him, and thus he is entitled to an attorneys' fee award against Plaintiff Gemcap, including both the fees incurred in prosecuting the anti-SLAPP motion, and the fees incurred in bringing this fee motion.

DATED: June 3, 2019

Respectfully submitted,

SCALI RASMUSSEN, PC

By: _____
John P. Swenson, Esq.
Jade F. Jurdi, Esq.
Attorneys for Defendant
ROBERT HOWER

Case No.  4:18-cv-05979
ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.    Introduction ........................................................................................7

II.   Procedural History..............................................................................7

III.  Argument .............................................................................................8

    A.    Robert Hower is entitled to all of his attorneys' fees and costs incurred in connection with the anti-SLAPP motion and the instant motion. ...........................................................................8

    B.    The fees and costs sought by Robert Hower are reasonable...............10

        1.    Legal Standard .........................................................................10

        2.    The Laffey Matrix rates are reasonable....................................11

        3.    The hours for which a fee award is sought were reasonably incurred .................................................................13

            a.    Drafting of the motion papers .........................................13

            b.    Review of the opposition and supporting evidence, and drafting of the reply and objections to evidence. ....................................................15

            c.    Preparing for Oral Argument .........................................16

            d.    Reviewing the Court's order on the Anti-SLAPP Motion, meeting and conferring with Plaintiff on fees, and drafting the Motion for Fees. ................................................................................16

            e.    Anticipated time to be incurred in connection to drafting the....................................................................17

            f.    *Anticipated* time to be incurred in connection with preparing for oral argument...................................17

            g.    *Anticipated* time to be incurred in connection with attending oral argument on the fee motion. ..................................................................................18

        4.    The Costs Sought By Robert Hower are Reasonable. ........................................................................18

        5.    Summary of hours for each stage of work on the anti-SLAPP motion, summary of costs, and comparison to other awards deemed reasonable..........................................................18

00171514.4

ScaliRasmussen
AHEAD OF THE CURVE

1
        a.    Summary of hours and fees sought for each stage of the motions.................................................18

2

3
        b.    The total hours requested are reasonable. ......................22

4
        c.    The total monetary amount requested is reasonable. .......................................................................23

5  IV.    Conclusion ......................................................................23

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  4:18-cv-05979
ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir.2008) ...................................................................... 10

*Cuviello v. Feld Entm't, Inc.*,
   2015 WL 154197 (N.D. Cal. Jan. 12, 2015) ..................................... 10, 11, 12, 13

*Gonzalez v. S. Wine & Spirits of Am., Inc.*,
   555 F. App'x 704 (9th Cir. 2014) ................................................................ 9

*Grove v. Wells Fargo Fin. California, Inc.*,
   606 F.3d 577 (9th Cir. 2010) .................................................................. 9, 18

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir.1996) ....................................................................... 10

*Open Source Sec., Inc. v. Perens*,
   2018 WL 2762637 (N.D. Cal. June 9, 2018)........................................... 12, 19, 20

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
   2015 WL 4932248 (N.D. Cal. Aug. 18, 2015)
   ...............................................................................9, 10, 11, 20, 23

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
   302 F. Supp. 3d 1005 (N.D. Cal. 2017)......................................................... 8

*Vargas v. Berkeley Unified School District*
   2017 WL 5991857, at *2 (N.D. Cal. Dec. 4, 2017) .......................................... 12

*Wynn v. Chanos*
   2015 WL 3832561, at *5 (N.D. Cal. June 19, 2015)........................................ 23

*Xu v. Yamanaka*,
   No. 13-CV-3240 YGR, 2014 WL 3840105
   (N.D. Cal. Aug. 1, 2014) .................................................. 9, 10, 18, 22, 23

ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

**California Cases**

*Ketchum v. Moses,*
    24 Cal. 4th 1122, 17 P.3d 735 (2001) ..................................................................... 9

*Lunada Biomedical v. Nunez,*
    230 Cal.App. 4th 459 (2014) .............................................................................. 11

*Raining Data Corp. v. Barrenechea,*
    175 Cal.App. 4th 1363 (2009) ............................................................................ 11

**Other Authorities**

Local Rule 54.5 ...................................................................................................... 11

Case No.  4:18-cv-05979
ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

## I.    INTRODUCTION

The Court's Order of May 20, 2019 is clear that "defendant Hower is entitled to an award of attorneys' fees and costs incurred in moving to strike the claims on which he prevailed."  Order of May 20, 2019, Docket Number 62 ("Order").  The Court struck all of the claims alleged by Plaintiff Gemcap against Mr. Hower, finding they arose from protected activity, and the litigation privilege barred the claims as a matter of law.  Accordingly, Defendant Hower now seeks all of the fees and costs he incurred in connection with the anti-SLAPP motion, and the fees and costs incurred and to be incurred with respect to the instant fee motion.

The fees sought by Robert Hower are reasonable.  The hourly rates of Mr. Hower's counsel are below the hourly rates which have been awarded in connection with anti-SLAPP motions in the Northern District.  The rates billed by Mr. Hower's counsel are below the rates set-forth in the Laffey Matrix, with the exception of paralegal time.  Accordingly, Mr. Hower seeks an award calculated with the Laffey Matrix rates.  This motion sets forth both the amounts billed by Mr. Hower's counsel, and the amounts that should be awarded pursuant to the Laffey Matrix.  The amounts sought in fees are reasonable in light of both the complexity and number of legal issues relevant to the determination of the motion.  The total hours and the amounts sought are also below amounts awarded in connection with anti-SLAPP motions in the Northern District.  Because the amounts sought by Mr. Hower in fees and costs were reasonably incurred in connection with the anti-SLAPP motion, and were, or are to be incurred in connection with the  instant fee motion, the Court should grant this motion and award $84,172.80 in attorneys' fees and $630.56 in costs.

## II.    PROCEDURAL HISTORY

Plaintiff Gemcap filed this action on September 28, 2018, naming Defendants Unity Bank Minnesota, Robert Hower, and George Van Buren.  In its complaint, plaintiff alleged claims for fraud as to defendants Hower and Unity Bank, and aiding and abetting to commit fraud as to all Defendants.

Case No.  4:18-cv-05979
ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

1       Mr. Hower filed a Special Motion to Strike, also commonly referred to as an

2   "anti-SLAPP motion," seeking an order striking (1) paragraphs 41 through 44 of the

3   complaint, (2) plaintiff's second claim for "fraud," and (3) all references to defendant

4   Hower in support of plaintiff's third claim for "aiding and abetting to commit fraud."

5   Dkt. No. 42.  In its order of May 20, 2019, this Court found "The fact plaintiff

6   alleges conduct that occurred outside of the court proceeding does not save plaintiff's

7   claims insofar as they are based on the allegations of the protected activity," and that

8   "plaintiff's additional allegations do not alter the crux of plaintiff's claims against

9   defendant Hower, which concern his representations before the Hawaii court."  Dkt.

10  No. 62 ("Order") at 8 fn. 6.  Having found all of the claims concern the

11  representations before the Hawaii Court, the Court struck all of the claims against

12  Mr. Hower, holding that "the litigation privilege applies, and plaintiff's claims

13  against defendant Hower based on protected activity that occurred before the Hawaii

14  court are barred as a matter of law."  Order at 13.  While this Court struck all of the

15  claims against Mr. Hower, it granted Plaintiff leave to amend, and thus the Order is

16  styled as granting the motion "in part."  In the Order this Court was also clear that

17  "defendant Hower is entitled to an award of attorneys' fees and costs incurred in

18  moving to strike the claims on which he prevailed."  Order at 14.

19  **III.   ARGUMENT**

20      **A. Robert Hower is entitled to all of his attorneys' fees and costs incurred**

21          **in connection with the anti-SLAPP motion and the instant motion.**

22      This Court has already ruled that "[a]s the prevailing movant on the anti-

23  SLAPP motion, Mr. Hower is entitled to his fees and costs incurred in connection

24  with the anti-SLAPP motion."  Order at 14.  "Defendants are 'entitled to recover

25  attorney fees and costs incurred in moving to strike the claims on which ... [they]

26  prevailed, but not fees and costs incurred in moving to strike the remaining claims.'"

27  *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1027 (N.D.

28  Cal. 2017)  (quoting *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-

- 8 -

1   JST, 2013 WL6234628, at *10 (N.D. Cal. Dec. 2, 2013)).  Having prevailed on all

2   claims, Mr. Hower now seeks all of his fees and costs incurred in prosecuting the

3   anti-SLAPP motion.

4          In addition to being entitled to fees and costs incurred in connection with the

5   anti-SLAPP motion, Robert Hower is entitled to his fees and costs incurred in

6   connection with the instant fee motion.  Prevailing parties on an anti-SLAPP motion

7   are entitled to an award "for all hours reasonably spent, including those necessary to

8   establish and defend the fee claim." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141

9   (2001); see also *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 2015 WL

10  4932248, at *2 (N.D. Cal. Aug. 18, 2015); see also *Gonzalez v. S. Wine & Spirits of

11  Am., Inc.*, 555 F. App'x 704, 704–05 (9th Cir. 2014) (noting in a context other than

12  that of an anti-SLAPP motion that "California law requires that 'an attorney fee

13  award should ordinarily include compensation for all the hours reasonably spent,

14  including those relating solely to the fee.'")  (Internal Citations Omitted)).

15         In addition to attorneys' fees, "[a] prevailing defendant on an anti-SLAPP

16  motion is entitled to recover reasonable litigation expenses for which he was billed."

17  *Xu v. Yamanaka*, 2014 WL 3840105, at *5 (N.D. Cal. Aug. 1, 2014).  Courts

18  "repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where

19  statutes authorize attorney's fees awards to prevailing parties." *Grove v. Wells Fargo

20  Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).  This includes "travel,

21  courier and copying costs." *Id.* (quoting *Davis v. City of San Francisco,* 976 F.2d

22  1536, 1556 (9th Cir.1992), *vacated in part on other grounds,* 984 F.2d 345.).

23  Electronic research fees can also be recovered as non-taxable costs, where billing

24  separately for such fees is the prevailing practice in the community.  *Id.* at 581.

25  Billing separately for electronic legal research costs is the prevailing practice in the

26  Bay Area, so those costs are recoverable. *Xu,* 2014 WL 3840105, at *5.

27

28  ///

**B. The fees and costs sought by Robert Hower are reasonable.**

### 1. Legal Standard

"A court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney." *Piping Rock Partners* 2015 WL 4932248, at *2 (quoting *Ketchum*, 24 Cal.4th at 1131–32). More specifically, "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996).

"'In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Piping Rock Partners*, 2015 WL 4932248, at *2 (Quoting *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210–11 (9th Cir.1986)). The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir.2008). "In determining the prevailing rates in the community for similar work, the Court may find it most appropriate to use the actual rates charged or, alternatively, it may determine that application of the *Laffey* Matrix is warranted." *Cuviello v. Feld Entm't, Inc.,* 2015 WL 154197, at *2 (N.D. Cal. Jan. 12, 2015) (Citing *Syers Properties III, Inc. v. Rankin,* 226 Cal. App. 4th 691, 702–03 (2014)). "Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness." *Xu,* 2014 WL 3840105, at *2. (Quoting *Children's Hosp. & Med. Ctr. v. Bonta,* 97 Cal.App. 4th 740, 782–83 (2002)).

"In determining a reasonable amount of time spent, the Court should only award fees based on 'the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary.'" *Piping Rock Partners*, 2015 WL 4932248, at *3 (Quoting *Hensley v. Eckerhart,* 461 U.S.

00171514.4

424, 433–34 (1983)). "There is no precise rule or formula for making these determinations" and "the court necessarily has discretion in making this equitable judgment." *Id.* (Quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433–34 (1983)). "A party may prevail on a motion for attorneys' fees without submitting any billing records whatsoever." *Id.* at *4 (citing *Lunada Biomedical v. Nunez,* 230 Cal.App. 4th 459, 487–88 (2014)). A party "can carry its burden of establishing its entitlement to attorney fees by submitting a declaration from counsel instead of billing records or invoices." *Lunada Biomedical v. Nunez,* 230 Cal.App. 4th 459, 487–88 (2014); *Piping Rock Partners,* 2015 WL 4932248, at *4 (citing *City of Colton v. Singletary,* 206 Cal.App. 4th 751, 785 (2012)); *Raining Data Corp. v. Barrenechea,* 175 Cal.App. 4th 1363, 1375 (2009) ("The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records."); see also Local Rule 54.5 (requiring attorney declarations and indicating the Court may request records be lodged, including in camera.)

## 2. The Laffey Matrix rates are reasonable.

When determining what constitutes a reasonable hourly rate the Court "may determine that application of the *Laffey* Matrix is warranted." *Cuviello v. Feld Entm't, Inc.,* 2015 WL 154197, at *2 (N.D. Cal. Jan. 12, 2015). For ease of reference a copy of the Laffey Matrix for years 2015 to 2019 has been attached hereto as Exhibit A. Declaration of Jade Jurdi ("Jurdi Decl.") at ¶ 4. As stated on the document itself "this matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee- shifting statute permits the prevailing party to recover "reasonable" attorney's fees."

Applying the Laffey Matrix, John Swenson's hourly rate would be $544 an hour, Jade Jurdi's rate would be $417 an hour, and Zachary Hoffman's rate would be

1   $166 an hour.  Jurdi Decl. ¶ 4; Declaration of Zachary Hoffman ("Hoffman Decl.")

2   ¶3; Declaration of John Swenson ("Swenson Decl.") ¶544.  These rates are

3   reasonable in light of their years of experience, their clientele, and their educational

4   background.  Zachary Hoffman has over 4 years of relevant experience as a

5   paralegal, Jade Jurdi has over 8 years of experience as an attorney, and John

6   Swenson over 16.  Jurdi Decl. ¶ 3; Swenson Decl. ¶3;  Hoffman Decl. ¶2.  Mr.

7   Hoffman is a graduate of U.S.C.'s law school and U.C. Santa Cruz.  Hoffman Decl.

8   ¶2.    Mr. Jurdi is a graduate of U.C. Berkeley's Law School and Harvard University.

9   Jurdi Decl. ¶ 3.  Mr. Swenson is a graduate of the University of Minnesota's Law

10  School and St. Olaf's College.  Swenson Decl. ¶3;  All have represented clients that

11  range from individuals such as Mr. Hower, to companies among the Fortune 500.

12  Jurdi Decl. ¶3; Swenson Decl. ¶ 3; Hoffman Decl. ¶2.

13          The Laffey rates are below the rates courts in the Northern District have

14  awarded on fee requests for Anti-SLAPP motions, as are the rates billed by Mr.

15  Hower's attorneys on this matter.  See Jurdi Decl. ¶ 5; Swenson Decl. ¶ 5; Hoffman

16  Decl. ¶4.  In *Open Source Sec., Inc. v. Perens*, the Court approved $535 an hour for

17  an associate attorney, and $995 and $880 for partners.  2018 WL 2762637, at *3, 7

18  (N.D. Cal. June 9, 2018).  In *Vargas v. Berkeley Unified School District* the court

19  approved as reasonable rates $625 for a partner, $450 for a senior associate, and

20  $350 for a junior associate, commenting that those rates were heavily discounted by

21  the lawyers themselves.  2017 WL 5991857, at *2 (N.D. Cal. Dec. 4, 2017).   In

22  *Cuviello v. Feld Entm't, Inc.*, the Court awarded $725, and $695 an hour for partners,

23  and $455 an hour for a Senior Associate, employed at what was then the firm of

24  Fulbright and Jowarski, and is now Norton Rose Fulbright ("Fulbright").  2015 WL

25  154197, at *2.  Before joining his current firm, Mr. Jurdi was employed at the same

26  office of Fulbright as the attorneys whose rates were approved in *Cuviello*.  Jurdi

27  Decl. ¶ 5.  When Mr. Jurdi left Fulbright in 2017 his rate was $450 an hour, and Mr.

28  Hower is now seeking the Laffey rate of $417 an hour for his work.  Jurdi Decl. ¶¶ 3,

5.  Similarly, Mr. Swenson's rate at his prior firm of Steptoe & Johnson was $550 an hour, and Mr. Hower is now seeking the Laffey rate of $544 an hour for his work. Swenson Decl. ¶¶ 3, 5.  Not only are the rates sought by Mr. Hower for the work of his attorneys substantially lower than what Courts in the Northern District have awarded in the past, the rates are below what his attorneys have billed in the past.

If not applying the Laffey Matrix rates, "the Court may find it most appropriate to use the actual rates charged." *Cuviello* 2015 WL 154197, at *2 (Citing *Syers Properties III, Inc. v. Rankin,* 226 Cal. App. 4th 691, 702–03 (2014)). The rates charged by Mr. Hower's attorneys on this matter are $225 an hour for paralegal Zachary Hoffman (entries from before April of 2019, his rate was $205 an hour), $370 an hour for Senior Associate Jade Jurdi (entries from December 2018 are at $340 an hour, the previous year's rate) and $465 an hour for partner John Swenson.  Jurdi Decl. ¶ 5; Swenson Decl. ¶5; Hoffman Decl. ¶4.

### 3.  The hours for which a fee award is sought were reasonably incurred.

The hours for which a fee award is sought were contemporaneously recorded by each of John Swenson, Jade Jurdi, and Zachary Hoffman in a computer based, legal billing program by the name of "Tabs."  Jurdi Decl. ¶ 5; Swenson Decl. ¶6; Hoffman Decl. ¶5.

#### a.  Drafting of the motion papers.

##### i.  Senior Associate Jade Jurdi

Mr. Jurdi spent 52.8 hours drafting the motion papers, including reviewing and analyzing the allegations of the complaint, legal research, determining what evidence was needed by way of declaration, drafting the proposed decision, and drafting and revising the brief and notice of motion.  Jurdi Decl. ¶ 7.

The legal issues that were addressed in the motion and the proposed decision were both numerous and complex.  In addition to the research that can be expected on an anti-SLAPP motion — research to establish the meaning of the applicable

statutory provisions, and the manner in which the statute is to be applied— Mr.
Jurdi's research necessarily included the following additional issues:

(1) whether allegations pertaining to proceedings of another state's courts are protected activity;

(2) the applicability of the anti-SLAPP statute to conspiracy allegations, when factual allegations are a mix of protected activity and non-protected activity;

(3) where the anti-SLAPP statute is applicable to diversity actions in Federal Court, which aspects of the statute are considered substantive and thus apply, and which are considered procedural and in conflict with Federal Procedure, and thus do not apply;

(4) the applicability of the anti-SLAPP statute where fraud is alleged in connection with a court proceeding;

(5) the applicability of the litigation privilege to claims filed in Federal Court;

(6) the applicability of the litigation privilege to statements made in another state's courts;

(7) the applicability of the litigation privilege to a third-party, non-litigant; (8) the applicability of the litigation privilege to statements made during a proceeding, even if not under oath; and

(8) the effect of the application of the litigation privilege on a plaintiff's ability to successfully oppose an anti-SLAPP motion.  Jurdi Decl. ¶ 8.

### ii.  Partner John Swenson

John Swenson spent a total of 14.2 hours working on the motion papers, including conducting a factual investigation, reviewing and approving the legal reasoning that formed the basis of the motion papers, reviewing and revising the motion papers once written, and communicating with the client regarding the motion process and legal strategy.  Swenson Decl. ¶7.  Mr. Swenson's factual investigation included reviewing the hearing transcript of the Hawaii Court and working with the

ScaliRasmussen
AHEAD OF THE CURVE

ROBERT HOWER'S MOTION FOR AN AWARD OF FEES AND COSTS

00171514.4

client and others to ascertain relevant facts and locate relevant evidence.  Swenson Decl. ¶7.

### iii.  Paralegal Zachary Hoffman

Zachary Hoffman spent a total of 6.3 hours compiling evidence in support of the motion, reviewing and revising citations to legal precedent and evidence in the motion papers, generating the required tables in the briefing, and ensuring conformity of the papers to the local rules.  Hoffman Decl. ¶6.

### b.  <u>Review of the opposition and supporting evidence, and drafting of the reply and objections to evidence.</u>

### i.  Senior Associate Jade Jurdi

Jade Jurdi spent a total of 31.7 hours working on the papers filed in reply to Plaintiff's opposition, including conducting legal research, drafting the reply brief, and drafting the objections to evidence.  Jurdi Decl. ¶9.  The necessary legal research to draft the reply included: (1) research on precedent explicitly stating the public interest requirement does not apply to petitioning activity; (2) research so as to be able to assert that there is no legal precedent for an exception to the scope of the anti-SLAPP statute for instances of extrinsic fraud; (3) research on the elements of extrinsic fraud and precedent applying those elements; (4) the standard for granting leave to amend in Federal Court where the statute is explicit that in State Court leave to amend cannot be granted, and precedent applying the same.  Jurdi Decl. ¶10.

### ii.  Partner John Swenson

John Swenson spent a total of 7 hours in connection with the reply, including analyzing the arguments made in the opposition, reviewing and approving the legal reasoning and strategy that formed the basis of the reply papers, reviewing and revising the reply brief and objections once written, and communicating with the client regarding the opposition and the reply.  Swenson Decl. ¶8.

///

### iii.  Paralegal Zachary Hoffman

Zachary Hoffman spent a total of 1.5 hours reviewing and revising citations to legal precedent in the papers, generating the required tables in the briefing, and ensuring conformity of the papers to the local rules.  Hoffman Decl. ¶7.

### c.  Preparing for oral argument.

#### i.  Partner John Swenson

John Swenson spent a total of 5.8 hours preparing for oral argument, including reviewing the relevant pleadings, and case law.  Swenson Decl. ¶9.

#### ii.  Paralegal Zachary Hoffman

Zachary Hoffman spent a total of 1.9 hours preparing materials for John Swenson to review in connection with preparing for oral argument, by gathering relevant pleadings, and cases cited in the pleadings.  Hoffman Decl. ¶8.

### d.  Attending Oral Argument.

John Swenson spent a total of 9.2 hours in connection with oral argument. Swenson Decl. ¶10.  That includes 6.3 hours to travel between Los Angeles and the location of oral argument, 1.3 hours to attend oral argument and communicate with the client following the hearing, and 1.6 hours following oral argument to lodge the documents requested by the Court, and further follow-up communications with the client about what occurred at oral argument.  Swenson Decl. ¶10.

### e.  Reviewing the Court's order on the Anti-SLAPP Motion, meeting and conferring with Plaintiff on fees, and drafting the Motion for Fees.

No compensation for paralegal time is being sought.

#### i.  Senior Associate Jade Jurdi

Jade Jurdi spent a total of 43.7 hours reviewing the Court's order on the anti-SLAPP motion and drafting correspondence to the client on the significance of the same, drafting the motion for fees, and supporting evidence, and meeting and conferring with Plaintiff on fees.  Jurdi Decl. ¶10.  In connection with the drafting of

- 16 -

the briefing and supporting declarations, Mr. Jurdi reviewed billing for all time keepers in order to determine which time entries were related to the anti-SLAPP motion, and to compute the amounts sought as part of the fee award.  Jurdi Decl. ¶11. Also in connection with drafting the motion for fees, Mr. Jurdi conducted research on the legal standard for the award of fees and costs, the information that must be provided to establish the reasonableness of the requested fees and costs, and the hourly rates, fees, and costs deemed reasonable by other courts on Anti-SLAPP motions.  Jurdi Decl. ¶13.

ii.   Partner John Swenson

John Swenson spent a total of 3.4 hours reviewing the Court's order on the anti-SLAPP motion, discussing the same with the client, reviewing and revising the fee motion and supporting evidence. Swenson Decl. ¶11.

f.   <em>Anticipated</em> time to be incurred in connection to drafting the reply in support of the motion for fees.

No compensation for paralegal time is being sought.

i.   Senior Associate Jade Jurdi

Mr. Jurdi anticipates that he will spend 3 hours drafting the reply in support of the motion for fees, including necessary research.

ii.   Partner John Swenson

Mr. Swenson anticipates he will spend 2 hours reviewing and revising a reply in support of the motion for fees.

g.   <em>Anticipated</em> time to be incurred in connection with preparing for oral argument.

No compensation for paralegal time is being sought.

i.   Partner John Swenson

Mr. Swenson anticipates he will spend 2 hours preparing for oral argument of the fee motion.

- 17 -

h. *Anticipated* time to be incurred in connection with attending oral argument on the fee motion.

i. Partner John Swenson

Mr. Swenson anticipates that he will incur the same amount of time to travel to the hearing and attend the hearing on the fee motion, as he did with regards to the hearing on the anti-SLAPP motion, which is a total of 7.6 hours.

## 4. The Costs Sought by Robert Hower are Reasonable.

Robert Hower seeks the costs he incurred for travel and electronic research. Travel costs are recoverable, and the amount of $404.74, which consists of airfare and ground travel was incurred and billed to the client, and is thus recoverable. *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (quoting *Davis v. City of San Francisco,* 976 F.2d 1536, 1556 (9th Cir.1992), *vacated in part on other grounds,* 984 F.2d 345.).   Robert Hower also seeks $225.86 for legal research. Because Billing separately for electronic legal research costs is the prevailing practice in the Bay Area, those costs are recoverable, and the amount sought is reasonable. *Xu,* 2014 WL 3840105, at *5. (Awarding $754.67 in electronic research costs.)

## 5. Summary of hours for each stage of work on the anti-SLAPP motion, summary of costs, and comparison to other awards deemed reasonable.

a. Summary of hours and fees sought for each stage of the motions.

The following is a compilation of the fee and costs summaries set forth in each of the Declarations of Zachary Hoffman, Jade Jurdi, and John Swenson.  Jurdi Decl. ¶ 5; Swenson Decl. ¶17; Hoffman Decl. ¶10.

| Drafting of the Motion | | | |
|---|---|---|---|
| Hours | Laffey Fees | Billed Fees | Precedent |

00171514.4

| Total | 73.3 | $30,788.20 | $27,253.50 | *Open Source Sec.,* |
| Partner Swenson | 14.2 | $7,724.80 | $6,603.00 | *Inc. v. Perens*, 2018 WL 2762637, at *7 |
| Associate Jurdi | 52.8 (5.9 hours of 52.8 at previous year's rate) | $22,017.60 | $19,359.00 | (N.D. Cal. June 9, 2018) (Approving as reasonable 99.5 hours to draft motion |
| Paralegal Hoffman | 6.3 (All at rate in effect until April 2019) | $1,045.80 | $1,291.50 | papers for Anti-SLAPP motion, reduced from request for 137.9 hours) |

| Review of the Opposition and Supporting Evidence, and Drafting of Reply and Objections to Evidence | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 40.2 | $17,275.90 | $15,291.50 | *Open Source Sec.,* |
| Partner Swenson | 7 | $3,808.00 | $3,255.00 | *Inc. v. Perens*, 2018 WL 2762637, at *7 |
| Associate Jurdi | 31.7 | $13,218.90 | $11,729.00 | (N.D. Cal. June 9, 2018) (Approving as |
| Paralegal Hoffman | 1.5 (All at rate in effect until April 2019) | $249.00 | $307.50 | reasonable 52 hours to draft reply papers for Anti-SLAPP motion, reduced from request for 77.6 hours) |

00171514.4

| Preparing for Oral Argument | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 7.7 | $3,470.60 | $3,124.50 | *Piping Rock Partners,* 2015 WL 4932248, at *5 (14 hours billed by one attorney to prepare another for oral argument is reasonable, even if another attorney billed to prepare as well) |
| Partner Swenson | 5.8 | $3,155.20 | $2,697.00 | |
| Paralegal Hoffman | 1.9 | $315.40 | $427.50 | |

| Attending Oral Argument | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 9.2 | $5,004.80 | $4,278.00 | |
| Partner Swenson | 9.2 | $5,004.80 | $4,278.00 | |

| Drafting the Fee Motion and Supporting Evidence Following Review of the Court's Order, and Meeting and Conferring on Fees | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 47.1 | $20,071.90 | $17,750.00 | *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *7 |
| Partner Swenson | 3.4 | $1,849.60 | $1,581.00 | |

- 20 -

00171514.4

| Associate Jurdi | 43.7 | $18,222.90 | $16,169.00 | (N.D. Cal. June 9, 2018) (Approving as reasonable 60 hours to draft fee motion for Anti-SLAPP motion, reduced from request for 123 hours) |
|---|---|---|---|---|

| *Anticipated Time:* Review of the Opposition and Drafting of Reply In Support of Motion on Fees | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 5 | $2,339.00 | $2,040.00 | *Id.* |
| Partner Swenson | 2 | $1,088.00 | $930.00 | |
| Associate Jurdi | 3 | $1,251.00 | $1,110.00 | |

| *Anticipated Time:* Preparing for Oral Argument for Motion on Fees | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |
| Total | 2 | $1,088.00 | $930.00 | *Id.* |
| Partner Swenson | 2 | $1,088.00 | $930.00 | |

| *Anticipated Time:* Attending Oral Argument for Motion on Fees | | | | |
|---|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees | Precedent |

00171514.4

| Total | 7.6 | $4,134.40 | $3,534.00 | *Id.* |
|---|---|---|---|---|
| Partner Swenson | 7.6 | $4,134.40 | $3,534.00 | |

| Total Attorneys' Fees | | | |
|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees |
| Total | 192.1 | $84,172.80 | $74,201.50 |

| Summary of Costs | | |
|---|---|---|
| | Cost | Precedent |
| Legal Research Fees Billed | $225.86 | *Xu,* 2014 WL 3840105, at *5 (Awarding $754.67 in electronic research costs. |
| Ground Transportation between Airport and Courthouse for Anti-SLAPP Motion Hearing | $44.74 | |
| Airfare for Anti-SLAPP Motion Hearing | $359.96 | |
| Total | $630.56 | |

**b.  The total hours requested are reasonable.**

When the total hours requested of 192.1 are considered relative to other matters court have awarded fees for, they appear reasonable as well.  In *Xu v. Yamanaka*, the Court approved a total of 196 hours for an anti-SLAPP motion and

- 22 -

1    fee motion, substantially more than sought by way of this motion.  2014 WL

2    3840105, at *3.

3                    c.  The total monetary amount requested is reasonable.

4          The total monetary amount of $84,172.80 in fees and $630.56 in costs is

5    reasonable when compared to other monetary awards on anti-SLAPP motions in the

6    Northern District.  In *Wynn v. Chanos*, the Court awarded $390,149.63 in fees and

7    $32,231.23 in costs.  2015 WL 3832561 at *3 (N.D. Cal. June 19, 2015).  However,

8    in *Wynn* the fees were enlarged by the taking of discovery and discovery motion

9    practice.  In *Xu v. Yamanaka*, where the fees and costs sought were only with respect

10   to the briefing and argument of the anti-SLAPP motion and the fee motion, this

11   Court awarded $85,875 in fees and costs of $812.16.  2014 WL 3840105, at *5.  In

12   *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, where again the fees and

13   costs sought were only with the respect to the briefing and argument of the anti-

14   SLAPP motion and the fee motion, the court awarded $95,200.30 in fees and costs.

15   2015 WL 4932248, at *3.

16   **IV.    CONCLUSION**

17         For the foregoing reasons, the amounts sought of $84,172.80 in attorneys' fees

18   and $630.56 in costs are reasonable, and should be awarded to Robert Hower.

19

20   Dated:  June 3, 2019                    SCALI RASMUSSEN, PC

21

22                                           By:  _____

23                                           John R. Swenson, Esq.
                                             Jade F. Jurdi, Esq.
24                                           Attorneys for Defendant
                                             ROBERT HOWER

25

26

27

28

- 23 -

EXHIBIT A

# USAO ATTORNEY'S FEES MATRIX — 2015-2019

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 |
|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 |
| 21-30 years | 530 | 543 | 563 | 572 |
| 16-20 years | 504 | 516 | 536 | 544 |
| 11-15 years | 455 | 465 | 483 | 491 |
| 8-10 years | 386 | 395 | 410 | 417 |
| 6-7 years | 332 | 339 | 352 | 358 |
| 4-5 years | 325 | 332 | 346 | 351 |
| 2-3 years | 315 | 322 | 334 | 340 |
| Less than 2 years | 284 | 291 | 302 | 307 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 |

*Explanatory Notes*

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts.  The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases.  The matrix does **not** apply to cases in which the hourly rate is limited by statute.  *See* 28 U.S.C. § 2412(d).

2.  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *See, e.g., Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010).  Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index.  The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics.  The PPI-OL index is available at http://www.bls.gov/ppi.  On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers."  The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of  the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.  The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

Legal Services index measures.  Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4.  The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc*. 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area.  Because the USAO rates for the years 2014-15 and earlier have been generally accepted as reasonable by courts in the District of Columbia, *see* note 9 below, the USAO rates for those years will remain the same as previously published on the USAO's public website.  That is, the USAO rates for years prior to and including 2014-15 remain based on the prior methodology, *i.e.*, the original *Laffey* Matrix updated by the CPI-U for the Washington-Baltimore area.  *See Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, 142 F. Supp. 3d 1 (D.D.C. 2015) and Declaration of Dr. Laura A. Malowane filed therein on Sept. 22, 2015 (Civ. Action No. 12-1491, ECF No. 46-1) (confirming that the USAO rates for 2014-15 computed using    prior methodology are reasonable).

5.  Although the USAO will not issue recalculated *Laffey* Matrices for past years using the new methodology, it will not oppose the use of that methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods prior to June 2015, provided that methodology is used consistently to calculate the entire fee amount.  Similarly, although the USAO will no longer issue an updated *Laffey* Matrix computed using the prior methodology, it will not oppose the use of the prior methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods after May 2015, provided that methodology is used consistently to calculate the entire fee amount.

6.  The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school.  Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school).  *See Laffey*, 572 F. Supp. at 371.  An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same).  The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data.  Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level.  The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

7.  ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks.  Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index.  The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

8.  The USAO anticipates periodically revising the above matrix if more recent reliable survey data becomes available, especially data specific to the D.C. market, and in the interim years updating the most recent survey data with the PPI-OL index, or a comparable index for the District of Columbia if such a locality-specific index becomes available.

9.  Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc).  The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the USAO as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area.  *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n.14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996).  Most lower federal courts in the District of Columbia

have relied on the USAO's *Laffey* Matrix, rather than the so-called "*Salazar* Matrix" (also known as the "LSI Matrix" or the "Enhanced *Laffey* Matrix"), as the "benchmark for reasonable fees" in this jurisdiction.  *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18 n.29 (D.D.C. 2008) (quoting *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 71 n.2 (D.D.C. 2006)); *see, e.g., Joaquin v. Friendship Pub. Charter Sch.*, 188 F. Supp. 3d 1 (D.D.C. 2016); *Prunty v. Vivendi*, 195 F. Supp. 3d 107 (D.D.C. 2016); *CREW v. U.S. Dep't of Justice*, 142 F. Supp. 3d 1 (D.D.C. 2015); *McAllister v. District of Columbia*, 21 F. Supp. 3d 94 (D.D.C. 2014); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4, 15 (D.D.C. 2013); *Berke v. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013); *Fisher v. Friendship Pub. Charter Sch.*, 880 F. Supp. 2d 149, 154-55 (D.D.C. 2012); *Sykes v. District of Columbia*, 870 F. Supp. 2d 86, 93-96 (D.D.C. 2012); *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 40-49 (D.D.C. 2011); *Hayes v. D.C. Public Schools*, 815 F. Supp. 2d 134, 142-43 (D.D.C. 2011); *Queen Anne's Conservation Ass'n v. Dep't of State*, 800 F. Supp. 2d 195, 200-01 (D.D.C. 2011); *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 279-80 (D.D.C. 2008); *American Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 148-50 (D.D.C. 2007).  *But see, e.g.*, *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13-15 (D.D.C. 2000).  Since initial publication of the instant USAO Matrix in 2015, numerous courts similarly have employed the USAO Matrix rather than the *Salazar* Matrix for fees incurred since 2015.  *E.g.*, *Electronic Privacy Information Center v. United States Drug Enforcement Agency*, 266 F. Supp. 3d 162, 171 (D.D.C. 2017) ("After examining the case law and the supporting evidence offered by both parties, the Court is persuaded that the updated USAO matrix, which covers billing rates from 2015 to 2017, is the most suitable choice here.") (requiring re-calculation of fees that applicant had computed according to *Salazar* Matrix); *Clemente v. FBI*, No. 08-1252 (BJR) (D.D.C. Mar. 24, 2017), 2017 WL 3669617, at *5 (applying USAO Matrix, as it is "based on much more current data than the *Salazar* Matrix"); *Gatore v. United States Dep't of Homeland Security*, 286 F. Supp. 3d 25, 37 (D.D.C. 2017) (although plaintiff had submitted a "'great deal of evidence regarding [the] prevailing market rates for complex federal litigation' to demonstrate that its requested [*Salazar*] rates are entitled to a presumption of reasonableness, . . . the Court nonetheless concludes that the defendant has rebutted that presumption and shown that the current USAO Matrix is the more accurate matrix for estimating the prevailing rates for complex federal litigation in this District"); *DL v. District of Columbia*, 267 F. Supp. 3d 55, 70 (D.D.C. 2017) ("the USAO Matrix ha[s] more indicia of reliability and more accurately represents prevailing market rates" than the *Salazar* Matrix).  The USAO contends that the *Salazar* Matrix is fundamentally flawed, does not use the *Salazar* Matrix to determine whether fee awards under fee-shifting statutes are reasonable, and will not consent to pay hourly rates calculated with the methodology on which that matrix is based.  The United States recently submitted an appellate brief that further explains the reliability of the USAO Matrix vis-à-vis the *Salazar* matrix.  *See* Br. for the United States as *Amicus Curiae* Supporting Appellees, *DL v. District of Columbia*, No. 18-7004 (D.C. Cir. filed July 20, 2018).