1   John Swenson, Esq. (SBN 224110)
    jswenson@scalilaw.com
2   Jade Jurdi, Esq. (SBN 273401)
    jjurdi@scalilaw.com
3   SCALI RASMUSSEN
    A Professional Corporation
4   800 Wilshire Boulevard, Suite 400
    Los Angeles, CA 90017
5   Telephone:  213.239.5622
    Facsimile:  213.239.5623
6
    Attorneys for Defendant
7   ROBERT HOWER

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  GEMCAP LENDING I, LLC,              | Case No. 4:18-cv-05979

12           Plaintiff,                 | Judge:   Hon. Yvonne Gonzalez Rogers

13       vs.                            | **DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S FEE MOTION**

14  UNITY BANK MINNESOTA,
    ROBERT HOWER, GEORGE VAN            | [Filed concurrently with Defendant
15  BUREN,                              | Robert Hower's Motion for Fees and
                                        | Costs, Declarations of John Swenson and
16           Defendants.                | Zachary Hoffman in Support Thereof and
                                        | Proposed Decision]
17
                                        | Complaint Filed:  September 28, 2018
18

19

20  ///

21

22  ///

23

24  ///

25

26  ///

27

28  ///

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES
AND COSTS

00172160.1

1

2

## DECLARATION OF JADE JURDI

3    I, Jade Jurdi, declare as follows:

4    1.    I am an attorney duly licensed to practice law in the State of California

5 and a Senior Associate with Scali Rasmussen, counsel of record for Defendant Robert

6 Hower in the above captioned action.  I have personal knowledge of all facts stated

7 herein and if called upon to do so, could and would testify competently thereto. This

8 declaration is submitted in support of Defendant Robert Hower's motion for fees and

9 costs.

10                      Meet and Confer on Fees

11    2.    I met and conferred with opposing counsel regarding the fee motion by

12 exchanging several email correspondence.  The exchange of email correspondence on

13 May 28th and May 30th included amounts expended by each of John Swenson, myself,

14 and Zachary Hoffman at each stage of the relevant motion practice, and legal precedent

15 supporting Robert Hower's position.  Attached hereto as Exhibit A is a true and correct

16 copy of the emails exchanged.

17                      Background and Experience

18    3.    I have over 8 years of experience as a litigator, and I also counsel retailer

19 and consumer product companies on compliance with California regulations.   I

20 graduated from U.C. Berkeley's Law School in 2010, and Harvard University in 2007.

21 At Scali Rasmussen my clients have ranged from individuals such as Mr. Hower, to

22 Fortune 500 companies.

23                         Hourly Rate

24    4.    Mr. Hower is seeking the application of the Laffey Matrix for the

25 determination of my hourly rate. I retrieved a copy of the Laffey Matrix for years 2015

26 to 2019 from the U.S. Department of Justice website at https://www.justice.gov/usao-

27 dc/file/796471/download   on May 24, 2019, a true and correct copy of which is

28

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES
AND COSTS

00172160.1

1  attached to the motion for fees and costs as Exhibit A.  Pursuant to the application of

2  the Laffey Matrix rates, my requested rate is $417 an hour.

3    5. During my time at my current firm, Scali Rasmussen P.C., my rate on

4  matters has been as high as $400 an hour, though I am currently billing on the above

5  captioned matter at the rate of $370 an hour.  In December of 2018 I billed on the

6  above captioned matter at the rate of $340 an hour.  Prior to joining Scali Rasmussen

7  P.C., I was employed by Norton Rose Fulbright US LLP, formally Fulbright &

8  Jowarski LLP, ("Fulbright") at the same law office that the Court in *Cuviello v. Feld*

9  *Entm't, Inc.* awarded the rate of $455 an hour for a Senior Associate.  2015 WL

10  154197, at \*2 (N.D. Cal. Jan. 12, 2015).  When I left Fulbright in February of 2017

11  my rate was $450 an hour.

Manner in Which Time is Recorded

13    6. In all of my matters, including the above captioned matter, I

14  contemporaneously record my time in tenths of an hour in a computer based, legal

15  billing program by the name of "Tabs."  I typically record my time contemporaneously

16  throughout the day, though when out of the office for work I may record my time at

17  the end of the day or the following morning.

Work in Connection with the Anti-SLAPP Motion

a. Drafting of the motion papers.

20    7. I spent 52.8 hours drafting the motion papers, including reviewing and

21  analyzing the allegations of the complaint, legal research, determining what evidence

22  was needed by way of declaration, drafting the proposed decision, and drafting and

23  revising the brief and notice of motion.

24    8. The legal issues that were addressed in the motion and the proposed

25  decision were both numerous and complex.  In addition to the research that can be

26  expected on an anti-SLAPP motion — research to establish the meaning of the

27  applicable statutory provisions, and the manner in which the statute is to be applied—

28  My research necessarily included the following additional issues:

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES
AND COSTS

00172160.1

1   (1) whether allegations pertaining to proceedings of another state's courts are

2   protected activity;

3   (2) the applicability of the anti-SLAPP statute to conspiracy allegations, when

4   factual allegations are a mix of protected activity and non-protected activity;

5   (3) where the anti-SLAPP statute is applicable to diversity actions in Federal

6   Court, which aspects of the statute are considered substantive and thus apply,

7   and which are considered procedural and in conflict with Federal Procedure, and

8   thus do not apply;

9   (4) the applicability of the anti-SLAPP statute where fraud is alleged in

10   connection with a court proceeding;

11   (5) the applicability of the litigation privilege to claims filed in Federal Court;

12   (6) the applicability of the litigation privilege to statements made in another

13   state's courts;

14   (7) the applicability of the litigation privilege to a third-party, non-litigant; (8)

15   the applicability of the litigation privilege to statements made during a

16   proceeding, even if not under oath; and

17   (8) the effect of the application of the litigation privilege on a Plaintiff's ability

18   to successfully oppose an anti-SLAPP motion

19      b.  <u>Review of the opposition and supporting evidence, and drafting of the reply</u>

20   <u>and objections to evidence.</u>

21      9.    I spent a total of 31.7 hours working on the papers filed in reply to

22   Plaintiff's opposition, including conducting legal research, drafting the reply brief, and

23   drafting the objections to evidence.

24      10.    The necessary legal research to draft the reply included:

25   (1) research on precedent explicitly stating the public interest requirement does

26   not apply to petitioning activity;

27   (2) research so as to be able to assert that there is no legal precedent for an

28   exception to the scope of the anti-SLAPP statute for instances of extrinsic fraud;

- 4 -

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES
AND COSTS

00172160.1

1    (3) research on the elements of extrinsic fraud and precedent applying those

2    elements;

3    (4) the standard for granting leave to amend in Federal Court where the statute

4    is explicit that in State Court leave to amend cannot be granted, and precedent

5    applying the same.

6        c.  <u>Reviewing the Court's order on the Anti-SLAPP Motion, meeting and</u>

7            <u>conferring with Plaintiff on fees, and drafting the Motion for Fees.</u>

8        11.   I spent a total of 43.7 hours reviewing the Court's order on the anti-

9    SLAPP motion and drafting correspondence to the client on the significance of the

10   same, drafting the motion for fees and supporting evidence, and meeting and

11   conferring with Plaintiff on fees.

12       12.   In connection with the drafting of the briefing and supporting

13   declarations, I reviewed billing for all time keepers in order to determine which time

14   entries were related to the anti-SLAPP motion, and to compute the amounts sought as

15   part of the fee award.  I conducted more specific calculations after reviewing the billing

16   and categorizing the entries by the phase of the motion in order to provide that

17   information for the meet and confer with Plaintiff, as well as in the briefing and this

18   declaration.

19       13.   Also in connection with drafting the motion for fees, I conducted research

20   on the legal standard for the award of fees and costs, the information that must be

21   provided to establish the reasonableness of the requested fees and costs, and the hourly

22   rates, fees, and costs deemed reasonable by other courts on Anti-SLAPP motions for

23   each phase of the work on the motion, and overall.

24       d.  <u>Anticipated time in connection with reply in support of motion for fees.</u>

25       14.   I anticipate spending 3 hours drafting the reply in support of the fee

26   motion, which is less than ten percent of the time I spent to draft the reply in support

27   of the anti-SLAPP motion.

28

- 5 -

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES
AND COSTS

00172160.1

1  15.  The following is a summary of the foregoing information regarding fees

2 incurred.

| Drafting of the Motion | | | |
|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees |
| Associate Jurdi | 52.8 (5.9 hours of 52.8 at previous year's rate) | $22,017.60 | $19,359.00 |

| Review of the Opposition and Supporting Evidence, and Drafting of Reply and Objections to Evidence | | | |
|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees |
| Associate Jurdi | 31.7 | $13,218.90 | $11,729.00 |

| Drafting the Fee Motion and Supporting Evidence Following Review of the Court's Order, and Meeting and Conferring on Fees | | | |
|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees |
| Associate Jurdi | 43.7 | $18,222.90 | $16,169.00 |

| *Anticipated Time:* Review of the Opposition and Drafting of Reply In Support of Motion on Fees | | | |
|---|---|---|---|
| | Hours | Laffey Fees | Billed Fees |
| Associate Jurdi | 3 | $1,251.00 | $1,110.00 |

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES AND COSTS

00172160.1

1

2      I declare under penalty of perjury that the foregoing is true and correct.

3  Executed on this 31 day of May, 2019, in Los Angeles, California.

4

5  _____

6                                    Jade Jurdi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JADE JURDI IN SUPPORT OF DEFENDANT ROBERT HOWER'S MOTION FOR FEES AND COSTS

00172160.1

# EXHIBIT A

## Jade Jurdi

| | |
|---|---|
| **From:** | Jade Jurdi |
| **Sent:** | Thursday, May 30, 2019 3:49 PM |
| **To:** | Adams, William E. |
| **Cc:** | John Swenson |
| **Subject:** | RE: Gemcap v. Unity Bank- Time to meet and confer on attorneys' fees and costs |

| | |
|---|---|
| **Follow Up Flag:** | Copied to Worldox (Client Documents\1021\0056\00172581.MSG) |

William:

We agree that the exchange of correspondence satisfies the meet and confer requirement, but I would like to address some points raised in your correspondence to me just now.

With respect to your contention that not all of the claims against Hower were struck, we strongly disagree and would like to direct your attention to specific passages in the Court's order.  The Court held that "The fact plaintiff alleges conduct that occurred outside of the court proceeding does not save plaintiff's claims insofar as they are based on the allegations of the protected activity" and "plaintiff's additional allegations do not alter the crux of plaintiff's claims against defendant Hower, which concern his representations before the Hawaii court."  Order at 8 fn. 6.  Having found all of the claims concern the representations before the Hawaii Court, the Court struck all of the claims against Mr. Hower, holding that "the litigation privilege applies, and plaintiff's claims against defendant Hower based on protected activity that occurred before the Hawaii court are barred as a matter of law."  Order at 13.  The entitlement to fees is dependent on success striking the claims, because all of the claims were struck, Mr. Hower is entitled to all of his fees.

With respect to the contention that the expenditure of time on the fee motion is facially excessive, please see *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018) (Approving as reasonable 60 hours to draft fee motion for Anti-SLAPP motion, reduced from request for 123 hours).  We should be under 60 hours.  I would also like to address your math in concluding that nearly half of our fee request is time spent on the fee motion.  Per my email below, we are requesting at this time $14k on the fee motion.  $14K is not "nearly half" of 71k, it's about 20%.

We cannot provide you with completed declarations, because we have not completed the entirety of the fee motion papers.  We need to declare to the time that it takes to complete those papers, and to the tasks each timekeeper performed to complete the papers.  As such, the declarations are literally the last items that will be completed.   If there is a particular phase that you have an issue with, I would be happy to explain to you what was done over the phone.  But like I said, with respect to the fee motion, the work is not complete, so we would only be giving you information up until this point.

If you think that in light of the foregoing a phone call would be helpful, please let me know.

**Jade F. Jurdi** Senior Associate

**Scali Rasmussen**, PC | *Ahead of the Curve*
**o:** (213) 239-5622   **f:** (213) 239-5623
jjurdi@scalilaw.com | website

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient, may contain privileged attorney-client information or attorney work product, or both. If you received this in error, please do not read, distribute, or take action in reliance upon this

message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Adams, William E. [mailto:wadams@nossaman.com]
**Sent:** Thursday, May 30, 2019 2:45 PM
**To:** Jade Jurdi <jjurdi@scalilaw.com>
**Cc:** John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Gemcap v. Unity Bank- Time to meet and confer on attorneys' fees and costs

Hello Jade:

I have now had the opportunity to review your positions, and I wanted to provide you with our response in writing.  Mr. Hower's position, as I understand it, is that he achieved a clear, complete and unequivocal victory on his motion to strike, and therefore, he will be seeking recovery of all fees that he incurred in connection with preparing and arguing the motion.  The court has agreed with Mr. Hower that the allegations relating to his court appearance are stricken from the pleadings.  However, the court also held that "Hower has not met his burden of demonstrating that defendant Hower's out-of-court statements constitute a protected activity, and thus, these allegations are not entitled to anti-SLAPP protection." (Document 62, 8:8-10).  Thus, the court determined that Hower would be entitled to an award of fees and costs incurred in moving the strike the claims *on which he prevailed*. (Document 62, 14:11-12).  Our position is that Mr. Hower obtained a partial victory on his motion, and therefore he is entitled to a fee award only as to the portion on which he prevailed.

You also question whether any fee award could be discounted because leave was granted to amend the pleadings.  This misapprehends our position.  The entitlement to less than 100 percent of the fees and costs incurred derives from Mr. Hower's partial success with his motion, and not from the fact that the court has granted leave to amend.

Also, from your email it appears that Mr. Hower is seeking in excess of $71,000 in fees and costs, nearly half of that apparently in preparing the motion for attorney fees itself.  This amount is facially excessive.  While it is true that you can elect to substantiate these fees through attorney declarations, as opposed to providing the actual billing statements that would more directly show the activities undertaken and the amount of time actually incurred, it will ultimately be Mr. Hower's burden of proof to establish the reasonableness of the fees that it is seeking.  Because you have elected not to provide the billing statements and because I have yet to see the attorney declarations, I simply will not be able to address the reasonableness of the amount of fees sought until I receive the supporting documentation that Mr. Hower intends to present to the court.  Given that Mr. Hower is claiming to have already incurred in excess of $30,000 in preparing his moving papers, these materials have presumably already been prepared, and you have elected not to share them.

I believe that your correspondence and this email satisfy the requirements of Local Rule 54-5(b)(1) and the court's order that the parties meet and confer concerning Mr. Hower's fee motion.  Please let me know if you believe that a telephonic conference is still necessary.

Thank you.

**William E. Adams**
Attorney at Law
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
wadams@nossaman.com
T 415.398.3600   F 415.398.2438
D 415.438.7232


SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

---

**From:** Jade Jurdi <jjurdi@scalilaw.com>
**Sent:** Tuesday, May 28, 2019 5:25 PM
**To:** Adams, William E. <wadams@nossaman.com>
**Cc:** John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Gemcap v. Unity Bank- Time to meet and confer on attorneys' fees and costs

William:

Thank you for the response.  We are available at 3 pm on Thursday for a call.  Let me know if that works, and I will circulate an outlook invitation.  If that does not work for you, let me know what time on Thursday does.

I also wanted to address some issues raised by your email correspondence.  The Court's Order of May 20, 2019 states that "defendant Hower is entitled to an award of attorneys' fees and costs incurred in moving to strike the claims on which he prevailed."  Order of May 20, 2019, Docket Number 62 ("Order").  The Court struck all of the claims alleged by Gemcap against Mr. Hower.  Accordingly, Mr. Hower seeks all of the fees and costs he incurred in connection with the anti-SLAPP motion.  The Court's order in this respect is supported by precedent holding that "Defendants are 'entitled to recover attorney fees and costs incurred in moving to strike the claims on which ... [they] prevailed, but not fees and costs incurred in moving to strike the remaining claims.'" *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1027 (N.D. Cal. 2017)  (quoting *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-JST, 2013 WL6234628, at *10 (N.D. Cal. Dec. 2, 2013).   We are not aware of any case law that discounts attorney fees because a defendant who lost on all claims was given leave to amend.  The likely reason for this being that California law would have resulted in the dismissal of Gemcap's claims with prejudice, and Federal Courts apply California substantive law on the fee motion.

We are not in position to share our detailed billing records.  The fee records are protected attorney work product and contain information protected by the attorney client privilege.  Local Rule 54.5 recognizes this reality, as it allows the burden on a fee motion to be met by way of attorney declarations.  The rule does allow for the Court to request more information about billing entries, but then suggests it be done in camera should the Court decide it requires more detailed information.  See below:

> *A statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate*

Precedent supports the local rule as "[a] party may prevail on a motion for attorneys' fees without submitting any billing records whatsoever."  *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc,* 2015 WL 4932248, at *4 (N.D. Cal. Aug. 18, 2015)  (citing *Lunada Biomedical v. Nunez,* 230 Cal.App. 4th 459, 487–88 (2014)).  A party "can carry its burden of establishing its entitlement to attorney fees by submitting a declaration from counsel instead of billing records or invoices."  *Lunada Biomedical v. Nunez,* 230 Cal.App. 4th 459, 487–88 (2014); *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 2015 WL 4932248, at *4 (N.D. Cal. Aug. 18, 2015 (citing *City of Colton v. Singletary,* 206 Cal.App. 4th 751, 785 (2012)); *Raining Data Corp. v. Barrenechea,* 175 Cal.App. 4th 1363, 1375 (2009) ("The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records.")

Below is our preliminary calculations of the hours and amounts we are seeking.  Bear in mind prevailing parties on an anti-SLAPP motion are entitled to an award "for all hours reasonably spent, including those necessary to establish and defend the fee claim."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141, 17 P.3d 735 (2001);  see also *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 2015 WL 4932248, at *2 (N.D. Cal. Aug. 18, 2015) (citing Ketchum); See also *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704–05 (9th Cir. 2014) (noting in a context other than that of an anti-SLAPP motion that "California law requires that 'an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.'").  Should we reach an agreement in principal on the fees, we will provide you with an updated amount including the amounts expended thus far with respect to our efforts to secure fees.  As it stands currently, we have expended the amount set-forth below in the charts.  We have separated them out by phase of the two motions.

We will be seeking the application of the *Laffey* Matrix rates.  *Cuviello v. Feld Entm't, Inc.,* 2015 WL 154197, at *2 (N.D. Cal. Jan. 12, 2015).  For ease of reference, a copy of the Laffey Matrix for years 2015 to 2019 has been attached hereto.  Applying the Laffey Matrix, John Swenson's hourly rate would be $544 an hour, my rate (Jade Jurdi's) would be $417 an hour, and Zachary Hoffman's rate would be $166 an hour.  These rates are below what all of the foregoing have billed at in the past, and below what courts in the Northern District regularly approve.  In *Open Source Sec., Inc. v. Perens*, the Court approved $535 an hour for an associate attorney and $995, and $880 for partners. 2018 WL 2762637, at *3, 7 (N.D. Cal. June 9, 2018).  In *Cuviello v. Feld Entm't, Inc.*, the Court awarded $725, and $695 an hour for partners, and $455 an hour for a Senior Associate.  *Cuviello v. Feld Entm't, Inc.,* 2015 WL 154197 (N.D. Cal. Jan. 12, 2015).

In *Xu v. Yamanaka*, decided by our judge, the Court approved a total of 196 hours for an anti-SLAPP motion and fee motion, and awarded $85,875 in fees and costs of $812.16.  2014 WL 3840105, at *5 (N.D. Cal. Aug. 1, 2014).  That is substantially more than sought by us here.  As broken down below, we are currently seeking $71,559.56 in fees and costs, but this amount will increase as our fee motion progresses further.

| Drafting of the Motion | | |
|---|---|---|
| | Hours | Fees |
| Total | 73.3 | $30,788.20 |
| Partner Swenson | 14.2 | $7,724.80 |
| Associate Jurdi | 52.8 | $22,017.60 |
| Paralegal Hoffman | 6.3 | $1,045.80 |

| Review of the Opposition and Supporting Evidence, and Drafting of Reply and Objections to Evidence |
|---|

|  | Hours | Fees |
|---|---|---|
| Total | 40.2 | $17,275.90 |
| Partner Swenson | 7 | $3,808.00 |
| Associate Jurdi | 31.7 | $13,218.90 |
| Paralegal Hoffman | 1.5 | $249.00 |

| Preparing for Oral Argument | | |
|---|---|---|
|  | Hours | Fees |
| Total | 7.7 | $3,470.60 |
| Partner Swenson | 5.8 | $3,155.20 |
| Paralegal Hoffman | 1.9 | $315.40 |

| Attending Oral Argument | | |
|---|---|---|
|  | Hours | Fees |
| Total | 9.2 | $5,004.80 |
| Partner Swenson | 9.2 | $5,004.80 |

| Drafting the Fee Motion and Meeting and Conferring on Fees | | |
|---|---|---|
|  | Hours | Fees |
| Total | 34.5 | $14,389.50 |

5

| Partner Swenson | 2 | $1,088.00 |
|---|---|---|
| Associate Jurdi | 31.5 | $13,135.50 |
| Paralegal Hoffman | 1 | $166.00 |

| Costs | |
|---|---|
| Legal Research Fees Billed | $225.86 |
| Ground Transportation between Airport and Courthouse for Anti-SLAPP Motion Hearing | $44.74 |
| Airfare for Anti-SLAPP Motion Hearing | $359.96 |
| Total | $630.56 |

**Jade F. Jurdi** Senior Associate

**Scali Rasmussen**, PC | *Ahead of the Curve*
**o:** (213) 239-5622  **f:** (213) 239-5623
jjurdi@scalilaw.com | website

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient, may contain privileged attorney-client information or attorney work product, or both. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Adams, William E. [mailto:wadams@nossaman.com]
**Sent:** Tuesday, May 28, 2019 8:05 AM
**To:** Jade Jurdi <jjurdi@scalilaw.com>
**Cc:** John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Gemcap v. Unity Bank- Time to meet and confer on attorneys' fees and costs

Good morning Mr. Jurdi:

I would be happy to meet and confer with you concerning Mr. Hower's request for attorney fees. However, I am not available today or tomorrow to do so. I do have time on Thursday and Friday. Please let me know if you have time to

speak on either of those days.  In preparation for that conversation, please forward to me Mr. Hower's billing statements and his proposed allocation given the court's partial grant of the motion to strike, and GemCap's leave to amend the complaint.  This will undoubtedly inform our discussion.


**William E. Adams**
Attorney at Law
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
wadams@nossaman.com
T 415.398.3600   F 415.398.2438
D 415.438.7232

 | SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

---

**From:** Jade Jurdi <jjurdi@scalilaw.com>
**Sent:** Monday, May 27, 2019 6:16 PM
**To:** Adams, William E. <wadams@nossaman.com>
**Cc:** John Swenson <jswenson@scalilaw.com>
**Subject:** Gemcap v. Unity Bank- Time to meet and confer on attorneys' fees and costs

William:

   Do you have availability tomorrow afternoon, Tuesday May 28th to meet and confer on the attorneys' fees and costs Robert Hower is seeking following the Court's order on the anti-SLAPP motion?  And if not, are you available the morning of Wednesday May 29th?  Thanks


**Jade F. Jurdi** Senior Associate

**Scali Rasmussen**, PC | *Ahead of the Curve*
**o:** (213) 239-5622   **f:** (213) 239-5623
jjurdi@scalilaw.com | website

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient, may contain privileged attorney-client information or attorney work product, or both. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.