# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEMCAP LENDING I, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITY BANK MINNESOTA, ET AL.,**<br><br>Defendants. | CASE NO. 18-cv-05979-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS**<br><br>Re: Dkt. No. 63 |

Now before the Court is defendant Robert Hower's motion for an award of attorneys' fees in the amount of $84,172.80 and costs in the amount of $630.56. (Dkt. No. 63 ("Motion").)

By way of background, on September 28, 2018, plaintiff GemCap Lending I, LLC filed this action against defendants Hower, Unity Bank Minnesota, and George Van Buren, alleging claims for breach of fiduciary duty as to Van Buren, fraud as to Hower and Unity Bank, and aiding and abetting to commit fraud as to all defendants. (Dkt. No. 1.) Thereafter, Hower filed a special motion to strike, known as an "anti-SLAPP motion," seeking an order striking (1) paragraphs 41 through 44 of the complaint, (2) plaintiff's second claim for "fraud," and (3) all references to Hower in support of plaintiff's third claim for "aiding and abetting to commit fraud." (Dkt. No. 42.)

On May 20, 2019, the Court entered an order granting in part and denying in part the anti-SLAPP motion. (Dkt. No. 62 ("Order").) Specifically, the Court found that plaintiff's claims against Hower arose out of conduct that fell into two categories: (1) statements Hower made during a Hawaii court proceeding, and (2) Hower's conduct outside of that court proceeding. (*Id*. at 5, 7.) With respect to the first category, the Court held that Hower's in-court statements constituted protected activity and that plaintiff had not shown a likelihood of prevailing on its claims against Hower. (*Id*.) With respect to the second category, the Court held that Hower did not meet his burden of demonstrating that his out-of-court statements constituted a protected activity, and thus, these allegations were not entitled to anti-SLAPP protection. (*Id*. at 8.) The

1  Court noted, however, that this second category of allegations "d[id] not alter the crux of

2  plaintiff's claims against [] Hower, which concern his representations before the Hawaii court."

3  (*Id*. at 8, n.6.) Accordingly, the Court struck those allegations in the complaint related to Hower's

4  statements to the Hawaii court. (*Id*. at 14.) The Court further found that Hower was entitled to

5  attorneys' fees and costs incurred in moving to strike the claims on which he prevailed. (*Id*.)

6  Having carefully considered the motion, pleadings, and the record in this action, and for

7  the reasons set forth below, Hower's motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

8  The Court awards $55,690.50 in fees and $630.56 in costs.

**I. LEGAL STANDARD**

"[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs," under California Code of Civil Procedure section 425.16(c). *See Ketchum v. Moses,* 24 Cal.4th 1122, 1131 (2001) (prevailing party entitled to attorneys' fees upon granting motion absent narrow exception for certain claims enumerated in § 425.16(c)(2)). Reasonable fees include those incurred in connection with the attorney fee motion itself. *See Ketchum,* 24 Cal.4th at 1141; *Blackburn v. ABC Legal Servs., Inc.,* 11–CV–01298 JSW NC, 2012 WL 1067632, at *2 (N.D. Cal. Feb. 24, 2012).

The district court has broad discretion to determine a reasonable award of attorneys' fees, and must provide "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *see also Hall v. Bolger,* 768 F.2d 1148, 1151 (9th Cir. 1985) (court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan,* 815 F.2d at 1262.

With respect to the number of hours billed, fees must be awarded only for work reasonably related to the special motion to strike. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315,

1320 (2008). Fees also are recoverable for the reasonable time spent seeking an award of statutory attorney's fees. *Ketchum*, 24 Cal. 4th at 1131. In calculating a reasonable number of hours, the applicant must justify his or her claim by submitting detailed time records. *See Van Gerwen v. Guar. Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000). The Court must review time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients. *Hensley,* 461 U.S. at 433–34. The Court may adjust these hours down if it believes the documentation to be inadequate. *Id*. at 433. The Court also must assess whether the hours claimed are vague, block-billed, excessive, and/or duplicative, or whether the hours in their entirety must be reduced because of limited success in the action. *See Cotton v. City of Eureka, Cal.,* 889 F.Supp.2d 1154, 1176 (N.D. Cal. 2012); *Van Gerwen,* 214 F.3d at 1045.

The Court's determination of reasonableness also considers the hourly rates claimed. Generally, fees must be calculated according to the prevailing market rates in the forum district. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992). "[T]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Jordan,* 815 F.2d at 1263). A court may rely on its own experience to determine whether the hourly rates and the expended number of hours are reasonable. *See Van Gerwen,* 214 F.3d at 1045. Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Children's Hosp. & Med. Ctr. v. Bonta,* 97 Cal.App.4th 740, 782–83 (2002).

## II. DISCUSSION

### A. Attorneys' Fees

The Court determines reasonable attorneys' fees using the lodestar method,[1] which requires the Court to determine the amount of the lodestar by multiplying (1) the number of hours

---

[1] Neither party disputes that the lodestar method applies here.

3

counsel reasonably expended on the motion by (2) a reasonable hourly rate. *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987). The Court addresses each.

*1. Number of Hours Expended*

Hower requests fees for 192.1 hours of work, comprised of time spent (i) preparing briefing on the anti-SLAPP motion, (ii) preparing for and attending oral argument, (iii) preparing briefing on the motion for fees and costs; and (iv) preparing for and attending oral argument on the motion for fees and costs. The Court again considers each.

<u>Briefing the Anti-SLAPP Motion</u>: Hower asserts that his counsel spent a total of 73.3 hours preparing the anti-SLAPP motion (52.8 hours by Mr. Jurdi, 14.2 hours by Mr. Swenson, and 6.3 hours by Mr. Hoffman) and 40.2 hours preparing the reply (31.7 hours by Mr. Jurdi, 7 hours by Mr. Swenson, and 1.5 hours by Mr. Hoffman). (Motion at 13-15.) Plaintiff argues that the number of hours billed by Hower's counsel should be reduced substantially because Hower has not submitted sufficient evidence to substantiate his request. (Dkt. No. 66 ("Opp.") at 3–4.)

Importantly, Hower has not offered any billing records in support of his request for fees even though they could have been easily submitted and counsel knew in advance that fees were available for a successful motion. This Court routinely reviews detailed billings to ensure the efficiency of the tasks being performed. Instead, Hower has submitted declarations from his attorneys summarizing, in a manner akin to "block billing," how counsel spent their time at various stages in the litigation. Although a party may prevail on a motion for attorneys' fees without submitting billing records, the absence of any detailed evidence regarding time expended is significant. For example, although the Court can determine that Mr. Jurdi spent 31.7 hours working on the reply in support of the anti-SLAPP motion, some of which was spent researching four specific legal issues, the Court cannot determine *how much* of that time was spent doing *each* of the many tasks involved with preparing the reply, such as researching each of four issues, drafting the reply, and drafting the objections to evidence. (*See* Dkt. No. 63-1 ("Jurdi Decl.") ¶¶ 9–10.) As a result, the Court "cannot with precision eliminate particular billing entries that are, in the Court's determination . . . excessive." *Fallay v. San Francisco City & Cty.*, No. C 08-2261 CRB, 2016 WL 879632, at *4–5 (N.D. Cal. Mar. 8, 2016) ("[S]ubmitting a one paragraph

4

'summary of tasks' is not advisable for a law firm that truly believes itself entitled to the full amount requested."); *see also Hensley*, 461 U.S. at 437 (fee applicant has burden of "documenting the appropriate hours expended" in the litigation and must "submit evidence supporting the hours worked").

Courts may reduce the time for which fees are sought if block billing, or failing to itemize each task individually in the billing records, makes it impossible to evaluate the reasonableness of the time billed. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Counsel's declarations raise the same impossibilities. Accordingly, the Court will apply a 15% reduction to the number of hours expended in connection with briefing on the anti-SLAPP motion. After this reduction, Hower reasonably is entitled to recover for 71.8 hours for Mr. Jurdi (44.9 for the motion and 26.9 for the reply), 18 hours for Mr. Swenson (12.1 for the motion at 5.9 for the reply), and 6.6 hours for Mr. Hoffman (5.3 hours for the motion at 1.3 hours for the reply).

Oral Argument on the Anti-SLAPP Motion: Hower seeks to recover for 7.7 hours expended preparing for oral argument (5.8 hours by Mr. Swenson and 1.9 hours by Mr. Hoffman) and 9.2 hours attending oral argument (Mr. Swenson only). Given the small increments of time expended and the limited nature of the tasks associated with preparing for and attending oral argument (*see* Dkt. No. 63-2 ("Swenson Decl.") ¶¶ 9–10; Dkt. No. 63-3 ("Hoffman Decl.") ¶ 8), the Court finds that counsel's declarations describe in sufficient detail how counsel spent its time at this stage in the proceedings. Thus, no overall reduction in hours is warranted.

The Court further finds that the hours expended by counsel in connection with oral argument were reasonable, with one exception. Of the 9.2 hours Mr. Swenson spent attending oral argument, 6.3 hours were spent traveling to and from the hearing. (Swenson Decl. ¶ 10.) The Court notes that many clients will not pay for travel, including time spent sitting on a tarmac or in traffic, where the attorney is not performing work on behalf of the client. Additionally, many attorneys negotiate flat rates for travel or engage in other work during trial to minimize the cost to the client. Here, Hower does not provide any evidence indicating that Mr. Swenson performed work for his client during any portion of his travel or that an appropriate rate was negotiated for travel time. Absent such evidence, the Court will not assume that counsel is entitled to recover for

travel time.

Thus, Hower reasonably may recover for 10.6 hours related to oral argument, comprised of 8.7 hours for Mr. Swenson and 1.9 hours for Mr. Hoffman.

<u>Briefing on the Fees and Costs Motion:</u>  Prevailing parties on an anti-SLAPP motion are entitled to recover for hours reasonably expended seeking statutory attorneys' fees.  *Ketchum*, 24 Cal. 4th at 1131.  Here, Hower seeks to be compensated for a total of 47.1 hours spent preparing the instant motion (43.7 hours by Mr. Jurdi and 3.4 hours by Mr. Swenson) and 5 hours of anticipated time spent on the reply (3 hours by Mr. Jurdi and 2 hours by Mr. Swenson).  (Motion at 16–17.)

With respect to time spent preparing the motion, the Court again observes that counsel's declarations problematically lump together time spent, for example, meeting and conferring with opposing counsel, reviewing billing for all time keepers, research, and drafting the motion, into a single, indistinguishable block of time billed.  (Jurdi Decl. ¶¶ 11-13.)  In light of the deficiencies in the evidence, the Court will apply a 15% reduction to the number of hours attributed to preparing briefing on the instant motion.  As to the anticipated time spent on the reply, because Hower's counsel only *estimated* the hours they would spend on the reply, and never supplemented the record to substantiate the actual hours, the Court will not award compensation for the hours claimed for this task.

Accordingly, Hower reasonably is entitled to recover for 37.1 hours worked by Mr. Jurdi and 2.9 hours worked by Mr. Swenson in connection with this motion.

<u>Oral Argument on the Fees and Costs Motion:</u>  Finally, Hower seeks to be compensated for 9.6 hours that he anticipated would be expended preparing for oral argument on the instant motion.  Because the Court vacated the hearing on the motion well in advance of its scheduled date, counsel is not entitled to recover fees in connection with oral argument.

### 2. *Hourly Rates*

Having determined the number of hours reasonably expended by counsel, the Court must next determine the reasonable hourly rates.  Hower urges the Court to apply the hourly rates set forth in the *Laffey* Matrix, a fee schedule "prepared by the Civil Division of the United States

1 Attorney's Office for the District of Columbia [] to evaluate requests for attorney's fees in civil

2 cases in District of Columbia courts." (Motion at 11–13.) In the alternative, Hower avers that the

3 Court may apply the actual rates charged by Hower's counsel. (*Id*. at 13.) Plaintiff counters that

4 there is no basis for applying the *Laffey* rates here. (Opp. at 5.) Further, plaintiff argues that the

5 Court should, in its discretion, reduce counsel's actual rates when calculating the lodestar. (*Id*. at

6 6.) The Court considers each argument in turn.

7 In support of his argument that the Court should apply the *Laffey* rates, Hower cites to a

8 single decision from a court in this district stating that "[i]n determining the prevailing rates in the

9 community for similar work, the Court may . . . determine that application of the *Laffey* Matrix is

10 warranted." (Motion at 11, quoting *Cuviello v. Feld Entm't, Inc.*, 2015 WL 154197, at *2 (N.D.

11 Cal. Jan. 12, 2015).)[2] The Ninth Circuit, however, has repeatedly cautioned that "just because the

12 *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis

13 for determining rates elsewhere, let alone in a legal market 3,000 miles away." *Prison Legal News*

14 *v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010); *see also Pollinator Stewardship Council v.*

15 *U.S. Envtl. Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *6 (9th Cir. June 27, 2017) ("The

16 Laffey Matrix is not determinative of a reasonable hourly rate for San Francisco-based Loarie's

17 and Seattle-based Brimmer's work on this Ninth Circuit petition for review.").

18 Here, the *Laffey* rates are, on average, $63 higher than the actual rates charged by Mr.

19 Swenson and Mr. Jurdi, and $59 lower than the actual rate charged by Mr. Hoffman.[3] Hower

20 argues that the higher rates are warranted "in light of [counsel's] years of experience, their

21 clientele, and their educational background." (Motion at 12.) Counsel's credentials, however,

22 presumably are reflected in the actual rates charged to Hower for work on the anti-SLAPP motion.

23 Hower further contends that the *Laffey* rates are reasonable because they are lower than

24 rates that some courts in this district have applied on fee requests related to anti-SLAPP motions,

---

[2] The *Cuviello* court ultimately declined to apply the *Laffey* rates. *Cuviello*, 2015 WL 154197, at *2.

[3] Because Mr. Swenson and Mr. Jurdi cumulatively billed more hours than Mr. Hoffman, applying the *Laffey* rates would result in a higher overall fee award.

7

citing to three such cases. (Motion at 12.) This argument fails to persuade. To determine a reasonable hourly rate, the Court must look to "the rate prevailing *in the community* for *similar work* performed by attorneys of *comparable skill, experience,* and *reputation*." *Chalmers*, 796 F.2d at 1210 (emphasis supplied). In other words, simply because two cases involve the same kind of motion, it does not follow that the attorneys who worked on said motions are entitled to the same hourly rate. Here, Hower does not even attempt to demonstrate that the cases he cites involved comparable law firms or attorneys of comparable skill, experience, and reputation.[4] At most, Hower notes that Mr. Jurdi's *Laffey* rate is $38 lower than the rate approved for a senior associate at Mr. Jurdi's former firm in connection with an anti-SLAPP motion. (Motion at 12, citing *Cuviello*, 2015 WL 154197, at *2.) Even assuming Mr. Jurdi had similar experience and credentials as his former colleague, however, this point of comparison alone does not persuade the Court that it would be reasonable to apply the *Laffey* rates.

The Court next considers whether to apply the actual rates charged by Hower's attorneys. Hower submits that Mr. Hoffman currently charges $225 per hour and charged $205 per hour prior to April 2019; Mr. Jurdi currently charges $370 per hour and charged $340 per hour prior to December 2018; and Mr. Swenson charges $465 per hour. (Motion at 13.) The Court again notes that Hower submits limited evidence, namely, the three declarations from his own counsel, to demonstrate the reasonableness of these rates. The Court observes, however, that notwithstanding plaintiff's contention that Hower has not provided any evidence regarding his counsel's skill or sophistication (Opp. at 4.), Hower's counsel appears to have substantial legal experience, and at times, to have billed at rates *higher* than those charged to Hower. (Swenson Decl. ¶¶ 3–5; Jurdi Decl. ¶¶ 3–5; Hoffman Decl. ¶¶ 3–5.) Based upon the Court's understanding of market rates in Los Angeles for firms of similar size and reputation as counsel's firm, the nature and complexity of the anti-SLAPP motion at issue, and comparable rates that the Court has previously approved,

---

[4] The Court observes potentially relevant distinctions between the attorneys discussed in the cited cases and Hower's counsel. For example, *Open Source Sec., Inc. v. Perens*, 2018 WL 2763637 (N.D. Cal. June 9, 2019) and *Vargas v. Berkeley Unified School District*, 2017 WL 5991859 (N.D. Cal. Dec. 4, 2017) both involved attorneys located in the Bay Area, whereas Hower's attorneys are Los Angeles-based.

the Court is satisfied that counsel's actual rates are reasonable.[5]

Based upon the foregoing, the Court will award attorneys' fees as follows:

| Name | Hours | Rate | Total |
|---|---|---|---|
| John Swenson | 18 + 8.7 + 2.9 = 29.6 | $465 | $13,764.00 |
| Jade Jurdi[6] | 4.9 | $340 | $1,666.00 |
|  | 40 + 26.9 + 37.1 = 104 | $370 | $38,480.00 |
| Zachary Hoffman[7] | 6.6 | $205 | $1,353.00 |
|  | 1.9 | $225 | $427.50 |
| **TOTAL** |  |  | **$55,690.50**[8] |

---

[5] Plaintiff additionally argues that counsel's rates be reduced because the "case presents no uniquely complex or sophisticated legal claims." (Opp. at 6.) However, the complexity of the case (or lack thereof) is likely reflected in the rate that Hower negotiated with his chosen counsel. Accordingly, the Court finds that the actual rates charged by Hower's counsel are reasonable for purposes of calculating the lodestar amount.

[6] Mr. Jurdi submits that approximately 11% of the hours he spent preparing the anti-SLAPP motion were billed at his pre-December 2018 rate, whereas all other hours for which fees are sought were billed at his post-December 2018 rate. (Jurdi Decl. ¶ 15.) Accordingly, 4.9 hours expended by Mr. Jurdi on the motion will be calculated at the previous year's rate, and 40 hours will be expended at the current rate.

[7] Mr. Hoffman submits that all of the hours he spent on briefing related to the anti-SLAPP motion were billed at his pre-April 2019 rate, whereas time spent preparing for oral argument was billed at his post-April 2019 rate. (Hoffman Decl. ¶ 10.)

[8] Hower asserts that the total amount in fees he seeks, $84,172.80, is reasonable "when compared to other monetary awards on anti-SLAPP motions in the Northern District." (Motion at 23, citing cases.) This argument is unpersuasive, as each of the cases Hower cites for this proposition are distinguishable from the case at hand. In *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *5 (N.D. Cal. June 19, 2015), the fees motion incorporated substantial time spent on discovery, which has not occurred here. *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, No. 12-CV-04634-SI, 2015 WL 4932248, at *5 (N.D. Cal. Aug. 18, 2015) is distinguishable because, among other reasons, the anti-SLAPP motion at issue there was more complicated, involving "roughly a dozen defamatory statements, three causes of action, and complex issues of law." *Xu v. Yamanaka*, No. 13-CV-3240 YGR, 2014 WL 3840105, at *4 (N.D. Cal. Aug. 1, 2014) is likewise distinguishable for several reasons, including, for example, that market rates for firms comparable to the firm in *Xu* are higher than the fees reasonably charged by Hower's counsel. Moreover, "[d]efining what is reasonable by reference to other cases would violate the principle that each fee application under [the anti-SLAPP statute] must be assessed on its own merits . . . taking into account what is reasonable under the circumstances." *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (internal quotation marks and citation omitted).

**B. Costs**

Hower seeks $630.56 in costs incurred for travel ($44.74 for ground transportation; $359.96 for airfare) and electronic research ($225.86). (Motion at 18, 22.) Plaintiff offers no specific opposition to the request for costs. The Court therefore awards $630.56 in reasonable costs related to litigation of the anti-SLAPP motion. *See Xu v. Yamanaka*, No. 13-cv-3240 YGR, 2014 WL 3840105, at *5 (N.D. Cal. Aug. 1, 2014) (awarding costs for transportation and electronic research).[9]

**III. CONCLUSION**

Based upon the foregoing, plaintiff shall pay Hower a total of $55,690.50 as attorneys' fees and $630.56 as reimbursable costs.[10]

This Order terminates Docket Number 63.

**IT IS SO ORDERED.**

Dated: August 15, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[9] Plaintiff avers that Hower is not entitled to recover for *all* fees and costs incurred in connection with the anti-SLAPP motion because Hower's motion was granted *in part*. (Opp. at 6-7.) Hower counters that he prevailed entirely on the anti-SLAPP motion, with the Court "str[iking] all of the claims alleged by [plaintiff] against [] Mr. Hower." (Motion at 7.) Plaintiff's argument fails to persuade. Although the Court struck only those allegations regarding Hower's in-court statements, the allegations regarding Hower's out-of-court conduct were inextricably intertwined with the stricken allegations. Thus, it would be impracticable for the Court to disaggregate the time spent and costs incurred litigating these two types of allegations.

[10] In its opposition, plaintiff argues that Hower "did not enter the meet and confer process in good faith." (Opp. at 7.) Plaintiff's argument is belied by the email correspondence between counsel for the parties, submitted by Hower, which shows that the parties exchanged multiple emails regarding their positions as to the instant motion. (Swenson Decl., Ex. A.) Further, in a May 30, 2019 email, plaintiff's counsel communicated that Hower's counsel's correspondence "satisf[ied] the requirements of Local Rule 54-5(b)(1) and the court's order that the parties meet and confer[.]" (*Id.*) Accordingly, the Court finds that the parties' meet and confer obligations were met.