UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEMCAP LENDING I, LLC,**<br>Plaintiff,<br>vs.<br>**UNITY BANK MINNESOTA, ET AL.,**<br>Defendants. | CASE NO. 18-cv-05979-YGR<br><br>**ORDER GRANTING ROBERT HOWER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 72 |

The Court has had significant exposure to the factual and procedural background of this case, which it will not repeat here. This is the second round of briefing on a motion brought by defendant Robert Hower regarding the complaint filed by plaintiff GemCap Lending I, LLC.

In summary, on May 20, 2019, the Court entered an order granting in part and denying in part Hower's special motion to strike, which addressed numerous alleged statements by Hower. (Dkt. No. 62.) Plaintiff filed a first amended complaint on June 10, 2019, alleging causes of action against Hower and defendant Unity Bank Minnesota for intentional misrepresentation, negligent misrepresentation, concealment, false promise, and aiding and abetting to commit fraud. (Dkt. No. 65 ("FAC") ¶¶ 31-68.) Unity Bank answered on July 1, 2019. (Dkt. No. 70.) Thereafter, Hower filed the instant motion, seeking dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure 9(b), on the ground that plaintiff failed to allege with sufficient particularity the "who, what, when, where, and how of the misconduct charged." (Dkt. No. 72 ("Motion") at 11, quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).)[1]

Having carefully considered the pleadings in this action and the papers submitted, the Court **GRANTS** the motion **WITH LEAVE TO AMEND**.

The parties agree that that Rule 9(b) governs and therefore a heightened standard of Rule

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

9(b). (*See* Motion at 10-11; Dkt. No. 81 at 4, n.2.)

Given the history of this case, the Court finds that, at a minimum, plaintiff must amend the complaint to provide a representative sample of the specific representations made by Hower as opposed to the summary reflected in paragraph 24 of the FAC, which spans between March and October 2016. In general, under Rule 9(b), a plaintiff must "state[] with particularity" the "circumstances constituting the fraud," including a statement of "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986); *see also Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) ("[T]he absence of specification of any times, dates, places or other details of that alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b).").

Here, while the Court and parties are quite aware of the circumstances giving rise to the dispute, having granted a motion to strike, the FAC lacks any reference to any other specific representations made by Hower. The generalities pled are not sufficient to provide notice of the "particular misconduct which is alleged to constitute the fraud charged." *Semegen*, 780 F.2d at 731; *see also T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, No. 14-CV-05318-JSC, 2015 WL 3638555, at *3 (N.D. Cal. June 11, 2015) ("[T]he Court found the 'how' wanting in the FAC because . . . [it] [was] devoid of facts indicating whether the statements were made in person, in writing, on the telephone, in email, or in some other manner. . . . The SAC does not cure this defect[.]"); *Safran*, 2017 WL 235197, at *11 (finding failure to satisfy Rule 9(b) where plaintiff did not allege "in what documents or context the alleged misrepresentations were made" or "whether the misrepresentations were integrated into the contract for sale, were made separately by letter or by email, or were made as part of conversations among representations of the parties.") While the FAC need not recite every single interaction, sufficient specific allegations must be pled to state a claim.

For the foregoing reasons, the Court **GRANTS** Hower's motion to dismiss plaintiff's claims for failure to satisfy Rule 9(b) but affords plaintiff **LEAVE TO AMEND**. Any amended complaint must be filed no later than **September 17, 2019**. Any response thereto must be filed no later than

2

**fourteen (14) days** thereafter. The case management conference scheduled for this action is continued to **October 21, 2019**.

This Order terminates Docket Number 72.

**IT IS SO ORDERED.**

Dated: August 27, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**